CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 17 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DANIEL CHRISTOPHER HERBERT, ) | |
| Petitioner, ) | Civil Action No. 7:07CV00357 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE M. JOHNSON, VA DEPT. OF ) | |
| CORRECTIONS, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Daniel Christopher Herbert ("Herbert"), a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Herbert challenges a reduction in his earned sentence credit level. For the following reasons, the court finds that Herbert's petition is untimely and must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## BACKGROUND

From October 9, 2001 to April 19, 2002, Herbert was convicted and sentenced in six different state courts for a myriad of offenses involving forging and uttering. While incarcerated at Greensville Correctional Center, Herbert received three disciplinary hearings for misconduct which eventually resulted in a reevaluation of his earned sentence credit level on January 23, 2006. Herbert exhausted his Virginia Department of Corrections ("DOC") administrative remedies concerning this issue on April 26, 2006. On April 25, 2007, Herbert filed a petition for writ of habeas corpus in the Supreme Court of Virginia. The petition was dismissed on July 16, 2007, and admittedly received by Herbert the next day. (Pet'r Resp. at 2.)

Herbert mailed the instant petition on July 20, 2007. On September 4, 2007, the court conditionally filed the petition and advised Herbert that the petition appeared to be untimely. The

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

court directed Herbert to submit any additional argument and/or evidence concerning the timeliness of his petition within twenty days. Herbert filed a response to the conditional filing order on September 25, 2007; thus, the petition is now ripe for review.

## ANALYSIS

A one-year period of limitation applies to habeas petitions filed under § 2254. 28 U.S.C. § 2244(d)(1).[2] Pursuant to § 2244(d)(2), the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). The statute of limitations on Herbert's claims began to run on January 23, 2006, the date on which Herbert's earned sentence credit was level was decreased and on which exercise of due diligence would have led him to discover the alleged due process violations. See Wade v. Robinson, 327 F.3d 328 (4th Cir. 2003) (finding that the one-year statute of limitations began to run on the date that petitioner's good conduct credits were rescinded by operation of law); Coleman v. Johnson, No. 7:07CV00007, 2007 WL 2156259 (W.D. Va. July 25, 2007) (finding that the statute of limitations on Coleman's claim began to run on the date on which he received a copy of the legal update and in which the exercise of due diligence would have led him to discover the alleged discrepancy); Kimbrell v. Cockrell, 311 F.3d 361, 363 (5th Cir. 2002) (holding that the one-year statute of limitations began to run on the date the disciplinary conviction was entered). The

---

[2] Under § 2244, the one-year period of limitation begins to run on the latest of four dates: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).

Here, Herbert has not alleged anything to support the court's reliance on subsections (A), (B), or (C). Therefore, the court concludes that the one-year period of limitation began to run on the date the factual predicate of the claims presented was discovered, i.e., when Herbert's earned sentence credit level was decreased.

2

court notes that the period of limitation was not tolled by the various grievances and administrative requests that Herbert filed within the Virginia Department of Corrections, since the Department of Corrections is not a state court. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir.1999); Redd v. Johnson, No. 7:06CV00485, slip op. at *2 (W.D. Va. Sept. 14, 2006). Thus, Herbert had until January 23, 2007, to file a timely petition under § 2254. See § 2244(d)(1)(D). Herbert filed a petition in the Supreme Court of Virginia on April 25, 2007, which was dismissed as frivolous on July 16, 2007.[3] Herbert did not mail the present petition until July 20, 2007, well-beyond the requisite one year statute of limitations. As a result, the petition is untimely. Since Herbert has not demonstrated any grounds for equitable tolling,[4] the petition must be dismissed.[5]

## CONCLUSION

For the stated reasons, the court finds that Herbert's habeas claims are untimely filed. Accordingly, the court will dismiss the petition. An appropriate Order shall be entered this day. Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules

---

[3] The statute of limitations ordinarily would be tolled during the pendency of the state claim; however, the statute of limitations to file a § 2254 had already expired on the date that Herbert filed his state petition.

[4] Equitable tolling is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998). Herbert simply offers no excuse for allowing the federal statutory filing period to elapse before filing his state habeas petition. Whatever diligence he exercised in preparing his federal petition within four days of the state court's dismissal order cannot excuse the extensive delay in filing the state petition itself. Although Herbert argues that his petition should be deemed timely because of his limited legal knowledge and the fact that he is not represented by counsel, the Court of Appeals for the Fourth Circuit has held that a pro se prisoner's failure to understand how the period of limitation operates is an insufficient basis for equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Moreover, the court notes that because most pro se litigants lack the legal knowledge and education of a trained attorney, Herbert's circumstances are not exceptional.

[5] To the extent that Herbert challenges the three disciplinary convictions themselves, the court notes that these claims would certainly be time-barred as they occurred well-before his claim concerning the reduction in his earned sentence credit level.

of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If Petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within thirty days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Petitioner and counsel of record for Respondent, if known.

**ENTER**: This  17th day of October, 2007.

_/s/ James C. Turk_
Senior United States District Judge